**DENY and Opinion and Order Filed November 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

———————————

**No. 05-22-01064-CV**

———————————

**IN RE LEO BIENATI, THERESA PHAM, CARLOS LACAYO, AND ANDRES RUZO, Relators**

———————————

**No. 05-22-00324-CV**

———————————

**LEO BIENATI, THERESA PHAM, CARLOS LACAYO, AND ANDRES RUZO, Appellants**

**V.**

**HOLY KOMBUCHA, INC. AND CLOISTER HOLDINGS, LLC, Appellees**

**Original Proceeding and Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-17448**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Partida-Kipness and Smith
Opinion by Justice Smith

Before the Court is relators' October 10, 2022 "Rule 29.3 Motion or, Alternatively, Petition for Writ of Mandamus" in which relators seek an order from this Court (1) compelling the trial court to rule on relators' emergency supplemental motion to dissolve the amended temporary injunction, and (2) setting a bond in the amount of $2,259,775 pursuant to rule 29.3 of the Texas Rules of Appellate

Procedure. On October 11, 2022, relators notified the Court the trial court had ruled on their emergency supplemental motion, so that portion of their request for relief was moot. However, relators clarified they continue to seek a $2,259,775 bond pursuant to rule 29.3.

Because the trial court has ruled on relators' emergency supplemental motion, we conclude relators' request for mandamus relief regarding the trial court's failure to rule is moot. *See In re Martinez*, No. 04-14-00293-CR, 2014 WL 2548571, at *1 (Tex. App.—San Antonio June 4, 2014, orig. proceeding) (per curiam) (mem. op.) (holding that "failure to rule" issue becomes moot once the trial court has acted). Accordingly, we dismiss relators' petition for writ of mandamus.

With respect to relators' request for this Court to set a bond pursuant to rule 29.3, after reviewing the record provided in support of relators' request, we conclude relators have failed to show the trial court abused its discretion by denying their request to increase the bond. *See Bone v. Moss*, No. 05-21-00436-CV, 2022 WL 484312, at *6 (Tex. App—Dallas Feb. 17, 2022, no pet.) (mem. op.) (citing *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 203 (Tex. App.—Fort Worth 2005, no pet.), in which it was held that the trial court did not abuse its discretion in setting temporary injunction bond at $350,000 when appellant presented no evidence its damages would exceed that amount); *Connell Chevrolet, Inc. v. Carter*, No. 01-94-00595-CV, 1994 WL 525902, at *6 (Tex. App.—Houston [1st Dist.] Sept. 29, 1994, no writ) (not designated for publication) (concluding trial court did not abuse

its discretion in setting temporary injunction bond at $1000 when appellant asserted amount was "patently an abuse of discretion" but failed to introduce any evidence to show possible damages from injunction); *see also Taylor v. Parker*, No. 01-87-00393, 1988 WL 10770, at *4 (Tex. App.—Houston [1st Dist.] Feb. 11, 1988, no writ) (not designated for publication) (stating, in appeal from interlocutory order appointing receiver, "appellant bore the burden of showing that the circumstances dictated a more substantial bond"). We therefore deny relators' motion to increase the bond.

/Craig Smith/
CRAIG SMITH
JUSTICE

221064F.P05